# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| QAZI T. AZAM | : | CIVIL ACTION NO. |
| | : | 3:18-CV-01260-AWT |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | SEPTEMBER 20, 2018 |

## ANSWER AND DEFENSES

The defendant, Yale University ("University"), hereby respectfully files the following Answer and Defenses to plaintiff's Complaint ("Complaint"), dated July 30, 2018. Unless specifically admitted herein, the allegations in the plaintiff's Complaint are denied.

1. To the extent that the allegations in paragraph 1 set forth legal conclusions, the defendant submits that no responsive pleading is required. The defendant otherwise denies the allegations in paragraph 1.

2. To the extent that the allegations in paragraph 2 set forth legal conclusions, the defendant states that no responsive pleading is required.

3-4. To the extent that the allegations in paragraphs 3 and 4 set forth legal conclusions, the defendant states that no responsive pleading is required. The defendant is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraphs 3 and 4 and so denies the same and leaves the plaintiff to his proof.

5. To the extent that the allegations in paragraph 5 set forth legal conclusions, the defendant submits that no responsive pleading is required. The defendant otherwise denies the allegations in paragraph 5.

6-9. To the extent that the allegations in paragraphs 6 through 9 set forth legal conclusions, the defendant submits that no responsive pleading is required. The defendant is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraphs 6 through 9 and so denies the same and leaves the plaintiff to his proof, except to admit that the plaintiff filed claims with the Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment

Opportunity Commission ("EEOC") and received a Release of Jurisdiction from the CHRO and a Notice of Right to Sue from the EEOC.

10.   The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 10 and so denies the same and leaves the plaintiff to his proof.

11.   The defendant denies the allegations in paragraph 11, except to admit that the University is a specially chartered corporation organized and existing under and by virtue of a charter granted by the Colony and the State of Connecticut, and is a co-educational university and not-for-profit corporation with a principal place of business in New Haven, Connecticut.

12.   The defendant admits the allegations in paragraph 12.

13.   The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 13 and so denies the same and leaves the plaintiff to his proof, except to admit that the Plaintiff is Asian and born on February 15, 1946.

14.   The defendant denies the allegations in paragraph 14, except to admit that the plaintiff was initially hired as a casual employee in 2001.

15.   The defendant admits the allegations in paragraph 15.

16. The defendant admits the allegations in paragraph 16.

17. The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 17 and so denies the same and leaves the plaintiff to his proof.

18. The defendant denies the allegations set forth in paragraph 18, except to admit that Dorothy Ovelar became the plaintiff's supervisor as of January 2016.

19. The defendant denies the allegations set forth in paragraph 19 as framed, except to admit that the Plaintiff applied for the position of Senior Administrative Assistant 2, on or about June 9, 2016.

20. The defendant denies the allegations set forth in paragraph 20, except to admit that the Plaintiff was informed he would not be offered the Senior Administrative Assistant 2 position on July 14, 2016.

21. The defendant denies the allegations set forth in paragraph 21 as framed, except to admit that the position of Assistant University Registrar was posted on August 13, 2016 and that the plaintiff applied on October 17, 2016.

22.   The defendant denies the allegations set forth in paragraph 22, except to admit that the plaintiff was not interviewed and not hired for the position.

23.   The defendant denies the allegations set forth in paragraph 19 as framed, except to admit that the Plaintiff applied for a Senior Administrative Assistant 2 position on or about November 6, 2016.

24.   The defendant denies the allegations set forth in paragraph 24, except to admit that the Plaintiff was informed he would not be awarded the position on December 7, 2016.

25.   The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 25 and so denies the same and leaves the plaintiff to his proof, except to admit that the plaintiff filed a grievance.

26.   The defendant denies the allegations set forth in paragraph 26.

27.   The defendant hereby incorporates its answers to paragraphs 1-26 of this Complaint as its answer to paragraph 27, the same as if fully set forth herein.

28.     To the extent that the allegations set forth in paragraph 28 set forth legal conclusions, the defendant submits that no responsive pleading is required.  The defendant otherwise denies the allegations in paragraph 28.

29-33.     To the extent that the allegations set forth in paragraphs 29, 30, 31, 32 and 33 set forth legal conclusions, the defendant submits that no responsive pleading is required.  The defendant otherwise denies the allegations in paragraphs 29, 30, 31, 32, and 33.

34.     The defendant hereby incorporates its answers to paragraphs 1-33 of this complaint as its answer to paragraph 34, the same as if fully set forth herein.

35-40.     To the extent that the allegations set forth in paragraphs 35, 36, 37, 38, 39, and 40 set forth legal conclusions, the defendant submits that no responsive pleading is required.  The defendant otherwise denies the allegations in paragraphs 35, 36, 37, 38, 39, and 40.

41.     The defendant hereby incorporates its answers to paragraphs 1-40 of this Complaint as its answer to paragraph 41, the same as if fully set forth herein.

42-44.     To the extent that the allegations set forth in paragraphs 42, 43, and 44 set forth legal conclusions, the defendant submits that no responsive pleading is required.  The defendant otherwise denies the allegations in paragraphs 42, 43, and 44.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Some or all of the claims alleged in the Complaint fail to state claims upon which relief may be granted.

### SECOND DEFENSE

The plaintiff has not been deprived of any right, privilege or immunity secured to him by the United States Constitution or any Act of Congress.

### THIRD DEFENSE

The plaintiff failed to mitigate his damages, if any, as to which liability is expressly denied.

### FOURTH DEFENSE

The defendant acted in good faith and for legitimate, non-discriminatory, non-retaliatory business reasons at all relevant times.

## FIFTH DEFENSE

The defendant would have taken the same actions with respect to the plaintiff without regard to the plaintiff's national origin, ancestry, race, ethnicity, religion or age.

## SIXTH DEFENSE

The defendant did not fail to hire or refuse to hire or otherwise discriminate against the plaintiff because of his national origin, ancestry, race, ethnicity, religion or age.

## SEVENTH DEFENSE

The plaintiff's race, color, religion, national origin or age were not motivating factors for any of the defendant's actions with respect to the plaintiff.

## EIGHTH DEFENSE

Damages, if any, were the result of the sole negligence or other behavior of the plaintiff.

## **NINTH DEFENSE**

The defendant denies that the plaintiff is entitled to any compensatory damages, costs, fees or equitable relief, and expressly denies any bases for the award of punitive damages.

## **TENTH DEFENSE**

To the extent that the plaintiff's allegations concern incidents and/or claims not timely brought before the Equal Employment Opportunities Commission and/or the Connecticut Commission on Human Rights and Opportunities, the plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## **ELEVENTH DEFENSE**

Some or all of the plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

### **PRAYER**

Accordingly, the defendant respectfully requests that the plaintiff take nothing by this suit, and that the defendant be, in all things, discharged and goes hence without delay, and with its costs of suit, and such other further relief, in law or equity, to which it may be justly entitled.

### **DEMAND FOR TRIAL BY JURY**

The defendant demands trial by jury.

 

THE DEFENDANT
YALE UNIVERSITY

BY:_____
Kevin C. Shea (ct13781)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT 06511
Tel:     203/787-1183
Fax:     203/787-2847
kcs@clenlaw.com
office@clenlaw.com

**CERTIFICATION**:

This is to certify that a copy of the foregoing was filed electronically on the September 20, 2018. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____

CLENDENEN & SHEA, LLC