**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| QAZI T. AZAM | : | CIVIL ACTION NO. |
| | : | 3:18-CV-01260-AWT |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | September 19, 2019 |

**MOTION TO COMPEL AND FOR SANCTIONS**

Under Federal Rule of Civil Procedure 37 and District of Connecticut Local Rule of Civil Procedure 37, Defendant Yale University ("University"), respectfully moves this Court to order the plaintiff Qazi T. Azam, to comply with the University's Interrogatories and Requests for Production of Documents dated April 29, 2019. With ample time to respond, and because the plaintiff has failed to comply with these requests, the University also asks this Court to impose sanctions under Federal Rule of Civil Procedure 37(a)(3)(A).

## I. Background

On April 29, 2019, the University served interrogatories and requests for production on the plaintiff. On May 14, 2019, the plaintiff requested a 60-day extension on all discovery. On May 15, 2019, the University replied that, with a 60-day extension, the plaintiff's discovery responses would be due at the end

of July, which would constrain the University's ability to complete the plaintiff's deposition prior to the September 1, 2016 discovery deadline. *See* Exhibit A.

Accordingly, the University agreed to the plaintiff's requested extension on the condition that all deadlines in the case be extended by 60 days. Exhibit A. The court so ordered on plaintiff's motion on May 16, 2019. Doc. 26.

On August 6, 2019, the plaintiff had not served initial disclosures, objections, or responses. Counsel for the University attempted to resolve this discovery issue, requesting the plaintiff's discovery responses—without objections, because they had been waived—by the close of business on August 9, 2019. *See* Exhibit B.

On the afternoon of August 9, 2019, counsel for the plaintiff stated that an associate's recent departure from the firm, which took place after the University agreed to permit the plaintiff 60 additional days to respond to the University's requests, was the reason for the plaintiff's failure to timely respond to the interrogatories or requests for production. Counsel for the plaintiff further represented that responses would be forthcoming.

On August 16, 2019, the plaintiff objected to and either refused or failed to respond fully to every single Interrogatory and Request for Production. *See* Exhibit C. On September 5, 2019, the University again attempted to resolve the issue and requested that the plaintiff withdraw his improper objections and respond fully by the close of business on August 13, 2019. *See* Exhibit D. The University set forth detailed reasons why the plaintiff's objections were improper, why his responses were not sufficient, and why the District required

the plaintiff's full responses–in order to conduct his deposition before the close of discovery on November 1, 2019. *Id.* The University also requested that counsel for the plaintiff provide proximate dates for the plaintiff's deposition given the impending close of discovery. The University has received no response to either request to date and is therefore constrained to file this motion.

## II. Legal Standard

Under Federal Rule of Civil Procedure 34, "[t]he party to whom the request is directed must respond in writing within 30 days after being served." F.R.C.P. 34(b)(2)(A).

Under Federal Rule of Civil Procedure 37:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if ... a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

F.R.C.P. 37(a)(3)(B)(iv).

Federal Rule of Civil Procedure 37 further expressly authorizes the imposition of just sanctions on a party who fails after being served with interrogatories or requests for production, to serve answers, objections, or written responses. F.R.C.P. 37(d)(1)(A)(ii).

In determining the appropriate sanction for a failure to respond to a discovery request, the Court should consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the

non-compliant party had been warned of the consequences of noncompliance." *S.E.C. v. Razmilovic,* 738 F.3d 14, 25 (2d Cir. 2013).

Possible just sanctions here include, but are not limited to prohibiting the disobedient party from supporting his claims, striking pleadings, dismissing proceedings, and ordering the disobedient party or its attorney to pay the reasonable expenses, including attorney's fees, caused by the failure to comply. F.R.C.P. 37(d)(3).

## III. Argument

The University served its Interrogatories and Requests for Production of Documents on April 29, 2019. Accordingly, under Federal Rule of Civil Procedure 34(b)(2)(A), the plaintiff had until May 29, 2019 to respond. At the plaintiff's request, the University agreed to the plaintiff's request of an extension until, at the latest, July 28, 2019, on the condition the plaintiff respond without objections. As of today—over four months after the University served its discovery requests—the plaintiff has objected to all requests and failed to fully respond. The plaintiff therefore should first therefore be ordered to fully respond and produce immediately. Indeed, the plaintiff has failed to serve even his initial disclosures, and should be sanctioned for this failure as well.

In addition, under Federal Rule of Civil Procedure 37 and *Razmilovic, supra,* sanctions are appropriate. The plaintiff's full responses to the University's discovery are long overdue. The University has repeatedly warned the plaintiff of the consequences of noncompliance. Further, the plaintiff has

not provided any legitimate reason for his failure to respond fully to the University's requests for production. The plaintiff's actions should also be considered deliberate in view of the generous extension of time provided, the University's repeated attempts to resolve the issue of the plaintiff's noncompliance, and the plaintiff's refusal, the plaintiff's refusal to agree to be deposed, and the approaching close of discovery.

This Court should further issue an order directing the plaintiff to withdraw his objections to the interrogatories and request for production served on him by the University. Under the circumstances presented here, the plaintiff has waived all objections to those requests. Finally, this Court should award reasonable attorney's fees as an additional sanction for the cost of repeatedly seeking to resolve the plaintiff's noncompliance by conferring with counsel, and the cost of bringing this motion.

## IV. Conclusion

The plaintiff has had ample time to respond to the University's discovery and has failed to do so. It is, therefore, appropriate for the Court to order the plaintiff to comply with the discovery requests and to impose sanctions. The sanctions requested—an order compelling responses, barring objections, deeming all objections waived, and imposing reasonable attorney's fees—are appropriate. "Rule 37(d) makes it explicit that a party properly served has an absolute duty to respond. Defendants' willful failure to comply with that duty warrants the requested sanction." *Horti Americas, LLC v. Steven Produce King, Inc.*, 2017 WL 398374, at *3 (E.D.N.Y. Jan. 30, 2017) (Glasser, J.) (granting

sanctions), *quoting Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 390 (2d Cir. 1981).

THE DEFENDANT
YALE UNIVERSITY

BY:________________________

Kevin C. Shea (ct13781)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT 06511
Tel: 203/787-1183
Fax: 203/787-2847
kcs@clenlaw.com
office@clenlaw.com

**CERTIFICATION**:

This is to certify that a copy of the foregoing was filed electronically on the September 19, 2019. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

________________________

CLENDENEN & SHEA, LLC