## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QAZI T. AZAM | : | CIVIL ACTION NO. |
| | : | 3:18-CV-01260-AWT |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | October 31, 2019 |

### OBJECTION TO AMENDED COMPLAINT AND MOTIONS
### FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT

The Defendant, Yale University ("University"), objects to the plaintiff's Amended Complaint and Motions for Leave to Amend the Plaintiff's Complaint on the grounds that they are futile, time-barred, and otherwise improper.

On October 11, 2019, while the plaintiff, Qazi Azam, approached the October 16, 2019 date of his deposition and the November 1, 2019 discovery deadline, he first filed an amended complaint adding three counts of retaliation, Doc. 29, and then shortly thereafter, while his deposition was being taken, filed amendments adding five additional allegations of discrimination, Doc. 30, and retaliation, Doc. 31. Prior to this flurry of improper pleading, Plaintiff had served no interrogatories, no requests for production and no notices of deposition on the University. The three amendments should be stricken and the two motions for leave to amend should be denied.

**ORAL ARGUMENT REQUESTED**

## I.    Background

On July 30, 2018, the Court entered an order requiring amended
pleadings to be filed by September 28, 2018.  Doc. 3.  This deadline was never
modified.

On April 29, 2019, the University served interrogatories and requests for
production on the plaintiff.  On May 14, 2019, the plaintiff requested a 60-day
extension on all discovery.  On May 15, 2019, the University replied that, with
a 60-day extension, the plaintiff's discovery responses would be due at the end
of July, which would constrain the University's ability to complete the plaintiff's
deposition prior to the September 1, 2016 discovery deadline.  *See* Doc. 27-1.

Accordingly, the University agreed to the plaintiff's requested extension
on the condition that all deadlines in the case be extended by 60 days.  Doc.
27-1.  The court so ordered on plaintiff's motion on May 16, 2019.  Doc. 26.

On August 6, 2019, the plaintiff had not served initial disclosures,
objections, or responses.  Counsel for the University attempted to resolve this
discovery issue, requesting the plaintiff's discovery responses—without
objections, because they had been waived—by the close of business on August
9, 2019.  *See* Doc. 27-2.

On the afternoon of August 9, 2019, counsel for the plaintiff stated that
an associate's recent departure from the firm, which took place after the
University agreed to permit the plaintiff 60 additional days to respond to the
University's requests, was the reason for the plaintiff's failure to respond timely
to the interrogatories or requests for production.  Counsel for the plaintiff

2

further represented that responses would be forthcoming.

On August 16, 2019, the plaintiff objected to, and either refused (or failed) to, respond fully to every single Interrogatory and Request for Production. *See* Doc. 27-3. On September 5, 2019, the University again attempted to resolve the issue and requested that the plaintiff withdraw his improper objections and respond fully by the close of business on September 13, 2019. *See* Doc. 27-4. The University set forth detailed reasons why the plaintiff's objections were improper, why his responses were not sufficient, and why the District required the plaintiff's full responses: in order to conduct his deposition before the close of discovery on November 1, 2019. *Id.* The University also requested that counsel for the plaintiff provide proximal dates for the plaintiff's deposition with the close of discovery approaching.

On September 13, 2019, having received no response to its request for dates upon which to depose the plaintiff, the University re-noticed the plaintiff's deposition to take place October 16, 2019. On September 19, 2019, having received no response to its correspondence regarding the plaintiff's deficient discovery responses, the University filed a motion to compel and for sanctions. Doc. 27. The plaintiff, whose response was required to be filed by October 10, 2019, filed no response until October 25, 2019. Doc. 34.

On October 11, 2019, the plaintiff filed an Amended Complaint and a Motion for Leave to Amend the Complaint, improperly adding three counts of

3

retaliation.[1]  *See* Doc. 29.

On October 16, 2019, at 10:02 AM, after the scheduled start of the plaintiff's deposition, and with plaintiff's counsel absent, the plaintiff filed a purported "Supplement to Amended Complaint Dated October 11, 2019" setting forth five additional allegations of discrimination.  *See* Doc. 30.  At 11:35 AM, shortly after the arrival of plaintiff's counsel, the plaintiff filed a second Amended Complaint and Motion for Leave to Amend the Complaint, purportedly incorporating the allegations set forth in its two prior unauthorized filings and thereby setting fourth five additional allegations of retaliation.[2]  *See* Doc. 31.

On the record, during the plaintiff's deposition, counsel for the plaintiff also produced to counsel for the University documents either previously produced by the University or relating solely to the plaintiff's unauthorized amendments, and supplemental interrogatory responses.  The plaintiff has still *never* produced initial disclosures in this case.  Counsel for the University accordingly stated on the record that the University would hold the deposition of the plaintiff open pending its objection to the plaintiff's unauthorized amendments and its counsel's review of the plaintiff's long-overdue discovery

---

[1] The plaintiff improperly filed the Amended Complaint without the consent of the University or leave of the Court and attached the motion for leave as an exhibit thereto, in violation of the procedures set forth in Federal Rule of Civil Procedure 15(a)(2) and Local Rule of Civil Procedure 7(f).  *See* Docs. 29, 29-1.

[2] This Amended Complaint was also filed without the consent of the University or leave of the Court and attached the motion for leave as an exhibit thereto, in violation of the procedures set forth in Federal Rule of Civil Procedure 15(a)(2) and Local Rule of Civil Procedure 7(f).  *See* Docs. 31, 31-1.

responses.

On October 18, 2019, the plaintiff noticed the deposition of a University employee, Dorothy Ovelar. That deposition took place on October 25, 2019, before the deadline for discovery.

On October 23, 2019, the plaintiff moved to extend the discovery deadline by sixty days without seeking the University's consent as required by Local Rule of Civil Procedure 7(b). Doc. 32. The University also objects to that motion under separate cover.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 15(a), a party may amend his or her complaint only with the leave of the Court, which "has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007).

The proposed amendment "must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.* 507 F.3d 117, 121 (2d Cir. 2007).

A proposed amendment is futile if the proposed claim could not withstand a Rule 12(b)(6) motion to dismiss. *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

5

### III.   Argument

The plaintiff's amendments[3] purport to add five additional allegations of discriminatory failure to promote, *see* paragraphs 27a, 27b, 27c, 27d, and 27e; the allegation that he previously settled an Equal Employment Opportunity Commission ("EEOC") complaint against the University, paragraph 15[4]; and three counts of retaliatory failure to promote, Counts Four, Five, and Six.  The plaintiff's amendments cannot withstand a Rule 12(b)(6) motion to dismiss because the plaintiff failed to exhaust administrative remedies and has not alleged a prima facie case of discrimination or retaliation in any event.  The plaintiff's amendments were made years after the incidents in question took place, immediately prior to (and during) his deposition, and at the close of discovery.  The plaintiff's amendments should therefore be denied as futile, unduly delayed, prejudicial, and not in good faith.

### A. The amendment concerning paragraphs 27a-27e is futile because the allegations are not actionable.

A party must timely file an administrative charge for each discrete act of discriminatory or retaliatory failure to promote alleged or lose the ability to recover for it.  *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 114 (2002).  A complainant alleging violations of the Connecticut Fair

---

[3] The University objects to all of the plaintiff's amendments and motions to amend, Docs. 29-31. But, because the last amended complaint filed incorporates the previous amendments, this objection will refer to the last amended complaint filed, Doc. 30, unless otherwise noted.

[4] The plaintiff never identified this EEOC filing, but he has only filed one EEOC complaint prior to the EEOC complaint that preceded this lawsuit.  *See Comm'n. on Human Rights and Opportunities ex rel. Qazi Azam v. Yale University*, CHRO No. 0430623, Fed No. 16aa401553 (Conn. Comm'n. on Human Rights and Opportunities, Oct. 16, 2006).

Employment Practices Act ("CFEPA") must file a charge with the Connecticut
Commission on Human Rights and Opportunities ("CHRO") within 180 days of
the alleged discrimination or retaliation.  Conn. Gen. Stat. § 46a-82(f).  A
complainant alleging violations of the Age Discrimination in Employment Act
("ADEA") and Title VII of the Civil Rights Act ("Title VII") must file a charge with
CHRO and the Equal Employment Commission ("EEOC") within 300 days of
the alleged discrimination or retaliation.  42 U.S.C. § 2000e-5(e)(1); 26 U.S.C. §
626(d).  A CFEPA suit must be filed within 90 days of receiving a release of
jurisdiction from CHRO.  C.G.S. 46a-101(e).  A Title VII or ADEA suit must be
filed within 90 days of receiving a notice of right to sue from EEOC.  42 U.S.C.
§ 2000e-5(f)(1); 29 U.S.C. § 626(e).

Applying the foregoing authority to the plaintiff's amendments disposes
of each of them.  In the Amended Complaint, the plaintiff alleges the University
failed to promote him to five additional positions in 2017, with the latest being
the University's failure to promote him to Graduate Registrar (44185BR) on
September 26, 2017.  Amended Complaint ¶¶ 27a-27e.  The plaintiff alleges
that the University discriminated against him in failing to promote him to these
positions.  *See* Counts One, Two, Three.  But, these allegations of
discriminatory failure to promote are not actionable because the plaintiff never
filed timely charges with the CHRO or EEOC.

To the extent that the plaintiff alleges that the University's failures to
promote him in 2017 constituted a violation of CFEPA, he was required to file a
charge of discrimination with the CHRO or EEOC within 180 days, or by March

7

26, 2018, at the latest. *Morgan, supra* at 110; Conn. Gen. Stat. § 46a-82(f). To the extent the plaintiff alleges that that the University's failures to promote him in 2017 constitute a violation of Title VII, he was required to file a charge of discrimination with CHRO or EEOC within 300 days, or by July 23, 2018, at the latest. *Morgan, supra* at 110; 42 U.S.C. § 2000e-5(e)(1), 29 U.S.C. § 626(d)(1). The plaintiff has filed no charge of discrimination concerning any failures to promote in 2017.[5] The plaintiff "must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it." *Morgan, supra,* at 110. The plaintiff's allegations of discrimination are therefore not actionable. *Id.* at 114-5.

The plaintiff's allegations regarding the 2017 failures to promote are also not actionable because they are not reasonably related to the conduct alleged in his CHRO and EEOC filing. *See Gilford v. City of New York,* 136 F. App'x 390, 392 (2d Cir. 2005). The plaintiff makes no allegations regarding the identity or qualifications of the individuals whom he claims were promoted to the positions to which he applied in 2017. See Amended Complaint ¶¶ 27a-27e.Without such allegations, "it is impossible to determine whether [Azam's] later failure to promote claims might be deemed reasonably related to that [prior] incident." *Id.,* (citing *Butts v. City of New York Dep't of Hous. Pres. & Dev.,* 990 F.2d 1397, 1402–03 (2d Cir.1993)).

---

[5] The plaintiff only alleged in his initial Complaint that he filed timely charges with CHRO and EEOC, and received a timely Release of Jurisdiction from CHRO on May 1, 2018, and a timely Notice of Right to Sue from EEOC on May 3, 2018. Doc. 1 at ¶¶ 6-9.

**B. The amendment of paragraph 15 is futile because the allegations are time-barred.**

Further, the plaintiff alleges, at Amended Complaint paragraph 15, that he previously settled an EEOC charge with the University. That charge, CHRO No. 0430623, was resolved in 2006. Any allegation that the University failed to promote the plaintiff to the positions set forth the Amended Complaint in retaliation for his filing a 2006 EEOC complaint is time-barred: he failed to file a timely lawsuit on those claims. *See Duplan, supra* at 624.[6]

**C. The amendment of Counts Four, Five and Six is futile because the allegations are time-barred.**

Counts Four, Five, and Six allege that the plaintiff "engaged in protected activity when he complained about the disparate treatment he was receiving from Defendant on multiple occasions." ¶¶ 48, 56, 64. Counts Four and Five further allege the University retaliated against the plaintiff by failing to promote him "because he opposed discriminatory practices and participated in an EEOC proceeding." Amended Complaint ¶¶ 49, 57. These allegations in the Amended Complaint are impermissibly vague regarding time. But, to the extent that the plaintiff alleges his 2006 EEOC charge was a protected activity,

---

[6] Retaliation claims arising during or after an EEOC investigation are deemed exhausted when a plaintiff seeks to join them to a timely filed lawsuit on his original, exhausted claims, because it would be burdensome and wasteful to require a plaintiff to file a new EEOC charge instead of simply permitting him to assert that related claim in ongoing proceedings to adjudicate the underlying charge. But there is no compelling reason—efficiency-related or otherwise—to grant a similar exception to a plaintiff like [Azam], who deliberately abandoned his underlying claim of discrimination by failing to file a timely suit on those claims.

*Duplan, supra* at 624.

and the University's failures to promote him in 2016 and 2017 were retaliation for that protected activity, those allegations are time-barred. *See Duplan, supra* at 622.

### D. The amendment of Counts Four, Five, and Six is futile because the allegations fail to state a prima facie case of retaliation.

To the extent that the plaintiff alleges that his CHRO and EEOC charge filed in this lawsuit was a protected activity, he cannot allege that the University's failure to promote him in 2017 to the positions set forth in Amended Complaint (paragraphs 27a through 27e) were retaliation for that protected activity. While these claims fall within the limited exception set forth in *Duplan, supra,* and are therefore not time-barred, the claims are futile because they do not state a claim of retaliation.

Retaliation claims under the CFEPA and ADEA are analyzed under the framework developed in Title VII cases. *See Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 465 (2d Cir. 1997) (ADEA retaliation); *Worster v. Carlson Wagon Lit Travel, Inc.,* 353 F.Supp.2d 257, 267 (D.Conn. 2005) (Burns, J.), *aff'd,* 169 Fed. App'x 602 (2006) (CFEPA retaliation). To state a prima facie case of retaliation under Title VII, a plaintiff must allege facts sufficient to show that "(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.,* 716 F.3d 10, 14 (2d Cir. 2013) (internal quotation marks and citation omitted).

"A causal connection in retaliation claims can be shown either (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Natofsky v. City of New York*, 921 F.3d 337, 353 (2d Cir. 2019).

Here, the plaintiff has not pleaded facts sufficient to show a causal connection between his filing of the CHRO and EEOC charge in this lawsuit and the University's failure to promote him afterwards.[7]  Here, "Plaintiff offers no allegations directly connecting his protected activity with the alleged retaliatory acts, and simply pleading that an adverse employment action occurred later in time than plaintiff's protected activity is insufficient to survive a motion to dismiss." *Frazier v. City of New York Dep't of Correction*, 2016 WL 4444775, at *4 (E.D.N.Y. Aug. 23, 2016) (Matsumoto, J.) (citing *Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131, 154–55 (E.D.N.Y. 2015) (no causation where "plaintiff offers only speculation connecting the protected activity with the retaliatory acts and only makes conclusory allegations")); *see also Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 413 (S.D.N.Y.2012) (Buchwald, J.) (no causation where there was no allegation of a

---

[7] The plaintiff alleges he was improperly disciplined, but does not allege that he was improperly disciplined in retaliation for filing the CHRO and EEOC charge in this lawsuit.  Amended Complaint ¶¶ 51, 59, 67.  In any event, any allegations that the University retaliated against the plaintiff will be futile, because employee discipline, absent material harm, does not constitute retaliation.  *See Frazier, supra* at *3 (collecting cases) (denying motion to amend to add retaliation complaint regarding employee counseling session and write-up).

11

connection between protected activity and "the self-described retaliatory
actions aside from the fact that plaintiff groups these actions underneath the
heading of 'retaliation' in his amended complaint.").

The plaintiff has not pleaded any facts to show that his filing of a charge
with the EEOC and CHRO caused the University to fail to promote him.  He
has also not pleaded facts sufficient to show indirect causation through
disparate treatment, because disparate treatment requires the plaintiff to plead
sufficient facts to show that there was "disparate treatment of fellow employees
who engaged in similar conduct." *Natofsky, supra* at 353.  Here, the plaintiff
alleged that the University promoted candidates that were less qualified for the
positions from which he was rejected, ¶¶ 48, 57, 66, but he has never made
any allegation regarding whether those individuals engaged in any protected
activity. *See Matos v. Runyon*, 1998 WL 229839, at *3 (D. Conn. Mar. 25,
1998) (Thompson, J.) (no prima facie case where plaintiff failed to allege
"disparate treatment of fellow employees who engaged in similar conduct but
had not previously participated in the EEO process").  Equally, the plaintiff has
failed to allege that any other individuals also engaged in protected activity and
were retaliated against by the University. *See Butler v. Potter*, 2009 WL 804722,
at *1 (E.D.N.Y. Mar. 26, 2009) (Bianco, J.) ("Plaintiff cites to no similarly
situated individuals who suffered retaliation, or any disparate treatment aimed
at plaintiff when compared to workers not engaged in protected activity.)

The plaintiff has finally not pleaded facts sufficient to show a causal
connection indirectly through temporal proximity because there is no temporal

proximity between any protected activity and the University's failure to promote him in 2017. Here, the plaintiff is again intentionally vague in his initial complaint concerning the dates that he filed his charge with the CHRO and EEOC. These allegations have not been amended, and they include only that he filed a timely charge with the CHRO and EEOC. Doc. 1 at ¶¶ 6-7. But the plaintiff filed his CHRO and EEOC charge contemporaneously with the last alleged failure to promote in his initial Complaint, on December 23, 2016. *See* Exhibit A. Of the five positions to which the plaintiff alleges the University failed to promote him in 2017 in his Amended Complaint, the plaintiff only provides the date of his rejection for three positions: 44185BR Graduate Registrar, rejected September 26, 2017, ¶ 27e; 43820BR Senior Administrative Assistant 2, Residential College, rejected July 14, 2017, ¶ 27c; and 40696BR Senior Administrative Assistant II, rejected January 4, 2017, ¶ 27a.

Courts that "accept mere temporal proximity ... as sufficient evidence of causality to establish a prima facie case [of unlawful retaliation] uniformly hold that the temporal proximity must be *very close.*" *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (emphasis supplied). "Indeed, district courts within the Second Circuit consistently have found that lapses of more than two or three months between protected activity and allegedly retaliatory actions do not support inferences of causation." *Smith v. Da Ros*, 777 F. Supp. 2d 340, 356–57 (D. Conn. 2011) (Kravitz, J.) (collecting cases). Accordingly, for those three positions for which the date of the failure to promote can be ascertained, two of the rejections took place seven and nine months after the

plaintiff filed his CHRO and EEOC charge.  There is accordingly no temporal proximity as a matter of law.  *See* Amended Complaint ¶¶ 27c, 27e.[8]

"Moreover, Second Circuit precedent makes clear that the relevance of temporal proximity to the question of whether there is a causal nexus between a plaintiff's protected activity and the defendant's allegedly retaliatory action will depend on the facts and circumstances of each particular case." *Smith, supra,* at 356 (internal quotation marks citations omitted).  "Thus, mere temporal proximity—even very close temporal proximity—is not always sufficient to support an inference that the plaintiff's protected activity was a motivating factor in the defendant's adverse employment action." *Id.* (citations omitted).  For the sole remaining position for which a date of rejection was identified, 40696BR Senior Administrative Assistant II, ¶ 27a, all the plaintiff has alleged is mere temporal proximity.

Absent the pleading of any other facts that could plausibly support an inference of a causal connection between the filing of his CHRO and EEOC charge in this lawsuit and that failure to promote him, the plaintiff has failed to state a prima facie case of retaliation.  "For example, mere temporal proximity between an employee's protected activity and a subsequent adverse employment action will not support an inference of a causal connection where the employer had already begun taking adverse employment actions against the employee prior to the employee's engagement in any protected activity."

---

[8] This would apparently apply with equal force to the two positions for which no date of rejection was identified, 40715BR Senior Administrative Assistant 2, ¶ 27b, and 43871BR Senior Administrative Assistant 2, ¶ 27d, because the positions are listed in chronological order.

*Smith, supra* at 356, *citing Porter v. Potter*, 366 Fed.Appx. 195, 197 (2d Cir.2010).  Here, the plaintiff has alleged that the University took adverse employment actions against him prior to his filing of the CHRO and EEOC charge by failing to promote him to three positions in 2016.  Amended Complaint ¶¶ 20-26.

### E. The amendments are unduly delayed, not in good faith, and prejudicial to the University.

The plaintiff's CHRO and EEOC charge alleged that he was retaliated against on or about December 19, 2016.  Exhibit A.  The plaintiff filed his initial Complaint in this case, which alleged only discriminatory failure to hire, on July 30, 2018.  Doc. 1.  The plaintiff never alleged retaliation in this case until this point, nearly three years after his CHRO and EEOC charge, on the eve of and during his deposition, and at the close of discovery.  The plaintiff unduly delayed this amendment.

Indeed, the Court ordered that amended pleadings be filed by September 28, 2018, and that deadline was never modified.  Doc. 3.  Under Federal Rule of Procedure 16(b)(4), the plaintiff was required to make a showing of good cause that the Court's scheduling order be modified.  The single paragraph in the motions for leave filed with two of the three amendments do not address whether there is good cause for modifying the scheduling order at all.  *See* Docs.  29-1, 31-1.  The primary consideration in determining good cause is whether the moving party can demonstrate diligence.  *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (explaining that diligence is the primary but not only consideration).  Having made no argument for good

cause to modify the scheduling order, and having unduly delayed the filing of his amendment for three years, the plaintiff has not demonstrated diligence.

Further, the plaintiff sought the University's consent, which the University refused, to its first Amended Complaint. *See* Doc. 29. But, the plaintiff did not seek the University's consent for its second and third amendments. *See* Docs. 30, 31. Nor did the plaintiff file amendments showing the changes between his initial complaint and each amendment, as required by Local Rule of Civil Procedure 7(f). The proposed amendment's failure to comply with the federal or local rules shows that it was not made in good faith. *See McCarthy, supra* at 200.

Critically, if the amendment were permitted, it would result in significant prejudice to the University. The University will have to expend significant additional resources to conduct discovery into the plaintiff's three new counts alleging retaliation and five new allegations of discriminatory failure to promote. "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of American N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (internal quotation and citation omitted). "If the court were to permit the amendment that plaintiff requests, additional discovery would be necessary, which in turn will further delay potential summary judgment briefing and the setting of a trial date." *Frazier, supra* at *4, citing *Ayazi v. New York City Dep't of Educ.*, 586 Fed.Appx. 600, 602 (2d

16

Cir. 2014) (finding that addition of new claim would "prejudice defendant insofar as it required additional evidence and, possibly, motion practice"). Such is the case here. Indeed, the entire lawsuit would essentially need to start again from scratch, which is apparently what the plaintiff seeks.

## IV.   **Conclusion**

The University hereby objects to each of the plaintiff's three amendments and two motions for leave to amend because the amendments are futile. Even if the amendments were not futile, they were unduly delayed and not filed in good faith. Permitting the amendments would result in significant prejudice to the University. Accordingly, the plaintiff's amendments should be stricken and the motions for leave to amend should be denied.

THE DEFENDANT
YALE UNIVERSITY

BY:_____
Kevin C. Shea (ct13781)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT 06511
Tel:  203/787-1183
Fax: 203/787-2847
kcs@clenlaw.com
office@clenlaw.com

17

**CERTIFICATION**:

This is to certify that a copy of the foregoing was filed electronically on the October 31, 2019.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

CLENDENEN & SHEA, LLC