## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QAZI T. AZAM | : | CIVIL ACTION NO. |
| | : | 3:18-CV-01260-AWT |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| Defendant. | : | FEBRUARY 10, 2020 |

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant, Yale University ("University") hereby moves for summary judgment against the plaintiff, Qazi Azam, with respect to his operative three-count Complaint dated July 30, 2018, Doc. 1, in its entirety.  The plaintiff has no evidence to support his three claims of discriminatory failure to promote arising under [1] Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII:"); [2] the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"); or [3] the Connecticut Fair Employment Practices Act, C.G.S. § 46a–60 et seq. ("CFEPA") and therefore cannot establish a prima facie case under these statutes.  He cannot show that he was qualified, and he cannot identify any candidates that applied, or were interviewed or selected for the positions.  Equally, he cannot establish that the failure to promote him occurred under circumstances giving rise to an inference of discrimination.  Finally, he cannot establish that the University's legitimate, nondiscriminatory reason for not promoting him—i.e., that he was not the most qualified candidate—was false.

Summary judgment should enter accordingly for the University on the plaintiff's Complaint.

## I. BACKGROUND

The plaintiff was first employed by Yale University in December 2001, and has been employed as an undergraduate registrar in the Economics department since 2005.  Facts, ¶¶ 1, 2.

The plaintiff applied for the following University positions relevant to his claims in this case: [1] Senior Administrative Assistant 2 – FAS Registrar, Requisition Number 37619BR on June 9, 2016; [2] Assistant University Registrar, Student and Faculty Administrative Services – FAS Registrar, Requisition Number 38875BR on October 17, 2016; and [3] Senior Administrative Assistant for Morse College Dean's Office, Requisition Number 40580BR on November 7, 2016.  Facts, ¶¶ 5, 21, 38.

Shonna Marshall, Associate University Registrar, was the hiring supervisor for the positions of Senior Administrative Assistant 2 and Assistant University Registrar.  Facts, ¶¶ 4, 20.  Both positions required a proven ability to work with all levels of faculty and staff, and both positions preferred familiarity with Banner and other student information systems.  Facts, ¶¶ 6, 8, 23, 24.  The Assistant University Registrar position further required four years of central registrar experience or equivalent administration experience.  Facts, ¶ 22.

Ms. Marshall reviewed the plaintiff's application materials for both positions, and concluded that he had not demonstrated evidence of having

2

proficiency in Banner or other integrated student information systems, and a proven ability to work well with all levels of staff.  Facts, ¶¶ 10, 28.  Ms. Marshall accordingly did not interview the plaintiff for either position.  Facts, ¶¶ 12, 29.  After completing her reviews of the applications for the two positions, Ms. Marshall concluded that a candidate other than the plaintiff most closely met the requirements of the positions.  Facts, ¶¶ 13, 30.

Ms. Marshall sent letters to the plaintiff on July 14, 2016 and November 28, 2016 stating that she had offered the positions to candidates that most closely met the skills and qualifications of the positions, including working knowledge of Banner and other integrated student systems, a proven ability to work well with all levels of faculty and staff, and with respect to the Assistant University Registrar position, central registrar experience.  Facts, ¶¶ 15, 32.

Joel Silverman, Dean of Morse College, was the hiring supervisor for the position of Senior Administrative Assistant for Morse College Dean's Office. Facts, ¶ 37.  That position required excellent written and oral communication skills, preferred familiarity with Yale College academic and undergraduate regulations, and included as an essential duty maintaining confidential academic files.  Facts, ¶¶ 39-41.

Dean Silverman and Alexa Martindale, the Morse College Operations Manager, reviewed a copy of the applications for the Senior Administrative Assistant for Morse College Dean's Office position, including that of the plaintiff.  Facts, ¶ 42.  Based on his review of the application materials for the Senior Administrative Assistant for Morse College Dean's Office position, Dean

Silverman determined which candidates were qualified to interview.  Facts, ¶
43.  The plaintiff did not demonstrate evidence of having proficiency in
attention to detail, confidentiality, and with Yale College academic and
undergraduate regulations and therefore was not among the candidates who
Dean Silverman determined were qualified to interview, and Ms. Martindale
agreed with his determination.  Facts, ¶ 43.

Dean Silverman reviewed a copy of the plaintiff's application for the
position of Senior Administrative Assistant for Morse College Dean's Office,
Requisition Number 40580BR, and annotated that application.  Facts, ¶ 44.
These annotations included, among others, "wanting attention to detail,"
"confidentiality?," and "stilted writing," and further noted numerous
typographical and grammatical errors.  Facts, ¶ 44.

After reviewing the applications for the position of Senior Administrative
Assistant for Morse College Dean's Office, Requisition Number 40580BR,
including that of the plaintiff, Dean Silverman and Ms. Martindale conducted
candidate interviews.  Facts, ¶ 45.

After interviewing the qualified applicants for the position of Senior
Administrative Assistant for Morse College Dean's Office, Requisition Number
40580BR, Dean Silverman made the final determination that a candidate other
than the plaintiff most closely met the skills and qualifications of the position
of Senior Administrative Assistant for Morse College Dean's Office, Requisition
Number 40580BR, and Ms. Martindale agreed with that determination.  Facts,
¶ 46.  Dean Silverman accordingly offered the position to a candidate other

than the plaintiff.  Facts, ¶ 47.

On December 7, 2016, Dean Silverman sent a letter to the plaintiff stating that he had completed his review and had offered the position to another candidate who most closely met the skills and qualifications of the position, including familiarity with Yale College academic and undergraduate regulations.  Facts, ¶ 48.

The plaintiff was not the most qualified candidate for the positions. Facts, ¶¶ 17, 34, 50.  The plaintiff cannot identify any candidates who applied, were interviewed for, or were selected for any of the three positions at issue in this case.  Facts, ¶¶ 19, 36, 51.  The plaintiff identified no remarks or conduct made by decision-makers for the three positions at issue that were discriminatory.  Facts, ¶¶ 54-61.  The plaintiff cannot identify any facts to support his allegation that the candidates who were ultimately selected for the three positions at issue in this case were less qualified than him.  Facts, ¶¶ 18, 35, 51.  Each of the decision-makers involved in the hiring decisions at issue in this case based their employment decisions upon the applicants' qualifications and abilities only.  Facts, ¶¶ 16, 33, 49.

The plaintiff filed charges of discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC"), and received a Release of Jurisdiction from CHRO on May 1, 2018, and a Notice of Right to Sue from EEOC on May 3, 2018.  Doc. 1 at ¶¶ 6-9.

On July 30, 2018, the plaintiff filed the operative three-count Complaint

alleging discriminatory failure to promote under Title VII, ADEA, and CFEPA. Doc. 1.[1]

## II.  LEGAL STANDARDS

Summary judgment may be granted only if, when the facts are viewed in the light most favorable to the non-movant, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." *D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir. 1998).  "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy [its] burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claims." *Vann v. City of New York,* 72 F.3d 1040, 1048 (2d Cir. 1995).  "A defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo,* 100 F.3d 253, 258 (2d Cir. 1996).

Discriminatory failure to promote claims arising under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the Connecticut Fair

---

[1] The plaintiff attempted to amend his complaint twice, to which the University objected. *See* Docs. 29, 30, 31, 36. The plaintiff subsequently withdrew those amendments, and the plaintiff's motion to amend was denied as moot.  Doc. 43.

Employment Practices Act, C.G.S. § 46a–60 et seq. ("CFEPA") are governed by the burden-shifting framework set forth in *McDonnell Douglas vs. Green*, 411 U.S. 792, 802 (1973). *See Mauro v. S. New England Telecommunications, Inc.*, 208 F.3d 384, 386 (2d Cir. 2000) (ADEA); *Petrosino v. Bell Atl.*, 385 F.3d 210, 226 (2d Cir. 2004) (Title VII); *Jones v. Natchaug Hosp., Inc.*, 2019 WL 4723066, at *4 (D. Conn. Sept. 25, 2019) (Arterton, J.) (CFEPA).

In order to establish a prima facie case of a discriminatory failure to promote, a plaintiff must demonstrate that "(1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Petrosino, supra* at *221, *citing Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir.1998), *quoting McDonnell-Douglas, supra* at 802; *Mauro, supra* at 386 (same); *Jones, supra* at *4 (same). At this stage, the plaintiff must show that she "was rejected under circumstances which give rise to an inference of unlawful discrimination." *Brown, supra* at 710, *quoting Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

The burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell-Douglas, supra* at 802. If the employer articulates such a reason, the employee is then afforded an opportunity to show that the employer's stated reason for the employee's rejection "was in fact pretext." *Id.* Whether there is an inference of unlawful discrimination, and whether the employer's legitimate,

7

nondiscriminatory reason is pretextual, "tend to collapse as a practical matter under the McDonnell Douglas framework." *Collins v. New York City Transit Auth.*, 305 F.3d 113, 119 (2d Cir. 2002).

To establish a claim of discrimination under the ADEA, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Naumovski v. Norris*, 934 F.3d 200, 213 (2d Cir. 2019), *citing Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). To establish a claim of discrimination under Title VII and CFEPA, a plaintiff must prove "that discrimination played a role in an adverse employment decision." *Naumovski, supra* at 214 (2d Cir. 2019) (Title VII); *Vale v. City of New Haven*, 197 F. Supp. 3d 389, 399 (D. Conn. 2016) (Haight, J.) (CFEPA) (collecting cases).[2] "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine, supra* at 253.

## III. ARGUMENT

As an initial matter, the University does not dispute that the plaintiff is a member of protected classes, applied for the three positions at issue in this case, and was not hired for those positions. *See Brown, supra* at 709. However, the plaintiff has failed to satisfy his burden of establishing that he was qualified for the promotions to which he applied or that the positions remained open after he was not hired and the University continued to seek

---

[2] *Vale* reviewed applicable authority and concluded there is a lack of clarity under Connecticut law concerning whether "but-for" or "mixed motive" causation applies to claims of age discrimination claims under CFEPA. However, as in *Vale*, here the plaintiff's claims have "not met even the motivating factor standard, let alone the but-for standard." *Vale, supra* at 399.

applicants with his qualifications. *See id.* He accordingly has failed to establish a prima facie case of discriminatory failure to promote, and summary judgment should enter in favor of the University.

**A. The plaintiff failed to establish a prima face case of discriminatory failure to promote, because he failed to establish he was qualified for the promotions to which he applied.**

To establish a prima facie case of discriminatory failure to promote, the plaintiff must establish that he was qualified for the promotion he sought. *Brown, supra* at 709. In order to establish this qualification, the plaintiff must prove his "basic eligibility for the position at issue." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 92 (2d Cir. 2001), *as amended* (June 6, 2001), quoting *Owens v. New York Housing Auth.*, 934 F.2d 405, 409 (2d Cir. 1991). That is, the plaintiff must prove that he "possesses the basic skills necessary for performance of the job." *Id.* (alteration omitted). "[B]eing qualified refers to the criteria the employer has specified for the position." *Thornley v. Penton Pub., Inc.*, 104 F.3d 26, 29 (2d Cir. 1997) (internal quotation marks omitted). Here, the plaintiff has not established that he possessed the required skills and abilities specified by the University on each of the three job postings to which he applied. Accordingly, he has failed to establish a prima facie case of discriminatory failure to promote, and summary judgment should enter for the University on all three Counts of his Complaint.

**1. The plaintiff was not qualified for the Senior Administrative Assistant 2 position.**

The plaintiff was not qualified for the Senior Administrative Assistant 2

position because he did not meet the requirements of that position.  *See Slattery, supra* at 92.  Specifically, the Senior Administrative Assistant 2 position required a proven ability to work well with all levels of faculty and staff with professionalism and courtesy.  Facts, ¶ 8.  Further, the Senior Administrative Assistant 2 position preferred familiarity with Banner and other integrated information systems.  Facts, ¶ 6.

The plaintiff did not meet these requirements.  Specifically, the plaintiff's materials for the Senior Administrative Assistant 2 position did not indicate any staff supervisory experience at the University.  Facts, ¶ 9.  The plaintiff's application materials for the Senior Administrative Assistant 2 position did not indicate any familiarity with Banner.  Facts, ¶ 7.

Ms. Marshall, the hiring manager for the Senior Administrative Assistant 2 position, reviewed the plaintiff's application materials and concluded that the plaintiff had not demonstrated evidence of having proficiency in Banner or other integrated student information systems, and a proven ability to work well with all levels of faculty and staff.  Facts, ¶¶ 4, 10.  Because of this conclusion, Ms. Marshall did not conduct a candidate interview of the plaintiff.  Facts, ¶12.  When Ms. Marshall ultimately informed the plaintiff that he was not selected for the position, she stated that it had been offered to a candidate who more closely met these requirements.  Facts, ¶ 15.

The plaintiff failed to demonstrate his basic eligibility and qualifications for the Senior Administrative Assistant 2 position.  Accordingly, he has failed to establish a prima facie case of discriminatory failure to promote with respect to

the position of Senior Administrative Assistant 2, and summary judgment should enter for the University on his discriminatory failure to promote claims relating to his application for that position. *See Slattery, supra* at 92.

## 2. The plaintiff was not qualified for the Assistant University Registrar position.

Similarly, the plaintiff was not qualified for the Senior Administrative Assistant 2 position because he did not meet the requirements of that position, either. *See Slattery, supra* at 92. The Assistant University Registrar position required four years of central registrar experience or equivalent administration experience and a proven ability to work well with well with all levels of faculty and staff with professionalism and courtesy. Facts, ¶ 22-23. Further, the Assistant University Registrar position preferred familiarity with Banner and other student information systems. Facts, ¶ 24.

The plaintiff never worked in a central registrar's office. Facts, ¶ 25. The plaintiff's materials for the Assistant University Registrar position did not indicate any staff supervisory experience at the University. Facts, ¶ 27. Although the plaintiff's application materials for the Assistant University Registrar position indicated a familiarity with Banner, the plaintiff's applications for the Senior Administrative Assistant 2 position previously submitted to the same hiring manager, Ms. Marshall, did not indicate any familiarity with Banner. Facts, ¶¶ 20, 26.

Ms. Marshall reviewed the plaintiff's application materials and concluded that the plaintiff had not demonstrated evidence of having proficiency in Banner or other integrated student information systems, and a proven ability

to work well with all levels of faculty and staff.  Facts, ¶ 28.  Because of this conclusion, Ms. Marshall did not conduct a candidate interview of the plaintiff. Facts, ¶ 29.  When Ms. Marshall ultimately informed the plaintiff that he was not selected for the position, she stated that it had been offered to a candidate who more closely met these requirements.  Facts, ¶ 32.

The plaintiff also failed to prove his basic eligibility and therefore qualification for the Assistant University Registrar position.  Accordingly, he has failed to establish a prima facie case of discriminatory failure to promote with respect to the position of Assistant University Registrar, and summary judgment should enter for the University on his discriminatory failure to promote claims relating to his application for that position.  *See Slattery, supra* at 92.

### 3.  The plaintiff was not qualified for the Senior Administrative Assistant for Morse College Dean's Office position.

The plaintiff was not qualified for the Senior Administrative Assistant for Morse College Dean's Office position because he did not meet the requirements of that position.  *See Slattery, supra* at 92.  The Senior Administrative Assistant for Morse College Dean's Office position required excellent written and oral communication skills.  Facts, ¶ 39.  The essential duties of the Senior Administrative Assistant for Morse College Dean's Office position duties included maintaining confidential academic files.  Facts, ¶ 41.  Further, the Senior Administrative Assistant for Morse College Dean's Office position preferred familiarity with Yale College academic and undergraduate regulations.  Facts, ¶ 40.

When Dean Silverman, the hiring manager for the Senior Administrative Assistant for Morse College Dean's Office position, reviewed a copy of the plaintiff's application for the position of Senior Administrative Assistant for Morse College Dean's Office, Requisition Number 40580BR, he annotated that application. Facts, ¶ 44. His annotations included, among others, "wanting attention to detail," "confidentiality?," and "stilted writing." Facts, ¶ 44. The annotations further noted numerous typographical and grammatical errors. Facts, ¶ 44.

Dean Silverman therefore concluded that the plaintiff did not demonstrate evidence of having proficiency in attention to detail, confidentiality, or with Yale College academic and undergraduate regulations. Facts, ¶ 43. When Mr. Silverman ultimately informed the plaintiff that he was not selected for the position, he stated that it had been offered to a candidate who more closely met these requirements. Facts, ¶ 48.

The plaintiff cannot demonstrate his basic eligibility or qualifications for the Senior Administrative Assistant for Morse College Dean's Office position. Accordingly, he has failed to establish a prima facie case of discriminatory failure to promote with respect to the position of Senior Administrative Assistant for Morse College Dean's Office, and summary judgment should enter for the University on his discriminatory failure to promote claims relating to his application for that position. *See Slattery, supra* at 92.

**B.  The plaintiff failed to establish a prima facie case of discriminatory failure to promote, because he failed to establish that the denial of promotion occurred under circumstances giving rise to an inference of discrimination.**

To establish a prima facie case of discriminatory failure to promote, the plaintiff must establish that the positions remained open after the plaintiff's rejection from them, and that the University continued to seek applicants having the plaintiff's qualifications.  *Brown, supra* at 709.  The plaintiff must therefore prove that that the complained-of denials of promotion occurred under circumstances giving rise to an inference of discrimination.  *Brown, supra* at 709.

Here, the plaintiff has adduced no evidence whatsoever regarding any other applicants for the positions at issue, so he cannot show that the positions remained open after his rejection from them and that the University continued to seek applicants having his qualifications.  Further, he has failed to adduce any evidence of discriminatory conduct or remarks by the University that would otherwise establish that the denial of promotion occurred under circumstances giving rise to an inference of discrimination.  The plaintiff has failed to establish a prima facie case of discriminatory failure to promote with respect to the three positions at issue in this case.  Accordingly, summary judgment should enter for the University on the plaintiff's discriminatory failure to promote claims.

**1.  The plaintiff has not established that the positions remained open and the employer continued to seek applicants having the plaintiff's qualifications.**

The plaintiff, having adduced no evidence regarding other applicants to

the positions at issue, has not established and cannot establish that the positions to which he applied remained open after his rejection from them, and that the University continued to seek applicants having the plaintiff's qualifications.  *See Brown, supra* at 709.

Specifically, the plaintiff cannot  identify *any* candidates who applied, were interviewed for, or selected for any of the three positions at issue in this case.  Facts, ¶¶ 19, 36, 51.  Without evidence of other applicants, the plaintiff accordingly cannot establish that the University continued to seek other applicants after rejecting the plaintiff.  Further, his letters of rejection for each of the three positions expressly stated that the positions had been filled by a candidate who more closely met the position requirements.  Facts, ¶¶ 15, 32, 48.  This uncontroverted evidence establishes that the University did not continue to seek applicants having the plaintiff's qualifications after rejecting his application.

The plaintiff, having failed to adduce any evidence regarding other applicants to the position, or that the University continued to seek applicants having his qualifications after his rejection, cannot establish a prima facie case of discriminatory failure to promote.  Summary judgment should therefore enter for the University on the plaintiff's discriminatory failure to promote claims.  *See Brown, supra* at 709.

**2.  The plaintiff has not otherwise established that the denials of promotion occurred under circumstances giving rise to an inference of discrimination.**

The plaintiff has adduced no other evidence otherwise to establish, as he

must, that his denial of promotion occurred under circumstances giving rise to an inference of discrimination. *See Brown, supra* at 710.

First, the uncontroverted evidence establishes that each of the decision-makers involved in the hiring decisions at issue in this case based their employment decisions upon the applicants' qualifications and abilities only. Facts, ¶¶ 16, 33, 49. In view of this evidence, the plaintiff has failed to establish that the denials of promotion occurred under circumstances giving rise to an inference of discrimination.

Second, the plaintiff could not identify *any* candidates that applied, were interviewed for, or selected for any of the three positions at issue in this case. Facts, ¶¶ 19, 36, 51. He cannot therefore show that he "was replaced by someone not a member of his protected class," and satisfy his burden of establishing that the denials of promotion occurred under circumstances giving rise to an inference of discrimination. *De la Cruz v. New York City Human Res. Admin. Dep't of Soc. Servs.*, 82 F.3d 16, 20 (2d Cir. 1996).

Third, the plaintiff could not identify *any* discriminatory conduct or remarks in connection with the hiring decisions in this case that give rise to an inference of discrimination with respect to race, religion, or national origin. . Indeed, the plaintiff confirmed that, aside from hiring someone other than the plaintiff, there were no comments or actions by anyone at the University in connection with any hiring decision *in this case* that he claimed were discriminatory based on his Pakistani national origin, Asian race, or Muslim religion. Facts, ¶ 54.

The plaintiff did claim that three remarks, made by individuals who were not involved in any of the hiring decisions in this case, and made years prior to the events alleged in the Complaint, support the allegation that his race, religion and national origin were motivating factors for the University's actions with respect to him.  Facts, ¶ 56-57.  However, as a matter of law, these remarks, made by individuals other than the decision-makers in this case in the years prior to the events alleged in the Complaint, cannot give rise to an inference of discrimination as a matter of law.

Stray comments or "isolated derogatory remarks" do not create a presumption of discrimination.  *Dixon v. International Federation of Accountants*, 416 Fed.Appx. 107, 110 (2d Cir.2011).  "[R]emarks made by someone other than the person who made the decision adversely affecting the plaintiff may have little tendency to show that the decision-maker was motivated by discrimination."  *Tomassi v. Insignia Financial Group, Inc.*, 478 F.3d 111, 115 (2d Cir. 2007).  "[S]tray remarks of a decision-maker, without more, cannot prove a claim of employment discrimination."  *Abdu-Brisson, supra* at 468.  The remarks identified by the plaintiff do not create a presumption of discrimination.  The remarks were made by individuals other than the hiring managers who made the decision not to promote the plaintiff.  Further, the remarks were made years prior to the events alleged in the complaint.  *See Pierre v. City of New York*, 2020 WL 353538, at *8 (S.D.N.Y. Jan. 21, 2020) (Koeltl, J.).  These remarks do not establish that the denial of promotion occurred under circumstances giving rise to an inference of

discrimination.

Finally, the plaintiff could not identify *any* discriminatory conduct or remarks in connection with the hiring decisions in this case that give rise to an inference of discrimination with respect to age. The plaintiff identified a single comment that he claims was discriminatory; however, it was allegedly made by an individual who was not a decision-maker for any of the hiring decisions in this case, after the events alleged in the Complaint. Facts, ¶ 58-60. As a matter of law, this remark cannot give rise to an inference of discrimination. *See Dixon, supra* at 110; *Tomassi, supra* at 115; *Abdu-Brisson, supra* at 468; *Pierre, supra* at *8. The plaintiff confirmed that, aside from hiring someone other than the plaintiff and the remark by Ms. Vander Veer, there were no comments or actions by anyone at the University in connection with any hiring decision *in this case* that he claimed were discriminatory based on his age. Facts, ¶61. This remark does not establish that the denial of promotion occurred under circumstances giving rise to an inference of discrimination.

The plaintiff, having failed to adduce any evidence that the denial of promotions occurred under circumstances giving rise to an inference of discrimination, cannot establish a prima facie case of discriminatory failure to promote. Accordingly, summary judgment should enter for the University on the plaintiff's discriminatory failure to promote claims on this basis as well.

**C. The University established a legitimate, non-discriminatory reason for its denials of promotion because the plaintiff was not the most qualified candidate, and the plaintiff has not shown this reason to be false.**

The plaintiff has failed to establish a prima facie case of discriminatory

failure to promote, as set forth in §§ III(A)-(B). However, even if the plaintiff had established a prima facie case of discriminatory failure to promote, the University has stated a legitimate, nondiscriminatory reason for its actions— that the plaintiff was not the most qualified candidate—and the plaintiff has not shown this reason to be pretextual.

An employer satisfies its burden of articulating a legitimate, nondiscriminatory reason for its decision not to promote a plaintiff employee where it offers evidence that another candidate was better qualified. *See Holt v. KMI-Cont'l, Inc.*, 95 F.3d 123, 130 (2d Cir. 1996). As an initial matter, as set forth in § III(A)(1), *supra*, the University has established this legitimate, non-discriminatory reason for its denials of promotion, because the plaintiff was not qualified for the positions to which he applied. In any event, even if the plaintiff were qualified, the uncontroverted testimony of the decision-makers establishes that the plaintiff was not the most qualified candidate for the positions. Facts, ¶¶ 17, 34, 50.

Indeed, the decision-makers for each position, in rejecting the plaintiff's application, stated that the position at issue had been offered to a candidate who most closely met the qualifications of the position. Facts, ¶¶ 15, 32, 48. As to the Senior Administrative Assistant 2 position, Ms. Marshall stated that she had offered the position to another candidate who most closely met the skills and qualifications of the position, including working knowledge of banner and other integrated student information systems, and a proven ability to work well with all levels of faculty and staff. Facts, ¶ 15. As to the Assistant

19

University Registrar position, Ms. Marshall stated that she had offered the position to another candidate who most closely met the skills and qualifications of the position, including experience in a central registrar's office, working knowledge of Banner and other integrated student information systems, and a proven ability to work well with all levels of faculty and staff.  Facts, ¶ 32.  As to the Senior Administrative Assistant for the Morse College Dean's Office position, Dean Silverman stated that he had offered the position to another candidate who most closely met the skills and qualifications of the position, including familiarity with Yale College academic and undergraduate regulations.  Facts, ¶ 48.

The plaintiff has no evidence to show that the University's stated reasons for promoting a candidate other than the plaintiff are a pretext for racial discrimination.  The plaintiff cannot identify any other applicants, interviewees, or successful candidates for any of the three positions at issue in this case.  Facts, ¶¶ 19, 36, 51.  He cannot identify any facts to support his allegation that the candidates that were ultimately selected for the three positions at issue in this case were less qualified than him.  Facts, ¶¶ 18, 35, 52.  Further, each of the decision-makers involved in the hiring decisions at issue in this case based their employment decisions upon the applicants' qualifications and abilities only.  Facts, ¶¶ 16, 33, 49.  "If the employee does not offer sufficient evidence of pretext, summary judgment may be granted in favor of the employer."  *See Holt v. KMI–Continental, Inc.*, 95 F.3d 123, 130 (2d Cir.1996).  The plaintiff's failure to offer evidence of pretext is fatal to his discriminatory

failure to promote claims.

Indeed, the plaintiff, having failed to offer any evidence of pretext, "has only [his] own testimony" that in his view, the University's failure to promote him was discriminatory because he has three master's degrees and experience. *See Carmellino v. Dist. 20 of New York City Dep't of Educ.*, 2006 WL 2583019, at *59 (S.D.N.Y. Sept. 6, 2006) (Castel, J.)[3]; Facts, ¶ 55.  However, "A plaintiff's subjective and conclusory belief that she is the most qualified candidate for a job is insufficient to demonstrate that an employer's legitimate, nondiscriminatory reason was pretextual."  *See Carmellino, supra* at *59, *citing Holt, supra* at 130.  Having offered no evidence of other applicants to the three positions at issue, much less evidence that those applicants were less qualified than he was, the plaintiff's discriminatory failure to promote claim must fail.

## IV.  CONCLUSION

The plaintiff cannot establish a prima face case of discriminatory failure to promote, because he cannot demonstrate that he was qualified for the promotions to which he applied.  He further failed to establish a prima facie case of discriminatory failure to promote, because he failed to establish that the denials of promotion occurred under circumstances giving rise to an inference of discrimination.  Having adduced no evidence regarding other applicants, he cannot establish that the positions remained open and the employer continued to seek applicants having the plaintiff's qualifications.

---

[3] *Aff'd in part sub nom. Mauskopf v. Dist. 20 of New York City Dep't of Ed.*, 299 F. App'x 100 (2d Cir. 2008), and *aff'd in part sub nom. Papasmiris v. Dist. 20 of New York City Dep't of Ed.*, 299 F. App'x 97 (2d Cir. 2008).

Absent any evidence to the contrary, he cannot establish that the denials of promotion occurred under circumstances giving rise to an inference of discrimination.  In any event, the University has demonstrated a legitimate, non-discriminatory reason for its denials of promotion: the plaintiff was not the most qualified candidate, and the plaintiff cannot show this reason to be false.

There is no genuine dispute as to any of these material facts.

Accordingly, the University is entitled to summary judgment as a matter of law.

THE DEFENDANT

BY:_____

KEVIN C. SHEA (ct13781
Clendenen & Shea, LLC
400 Orange Street
New Haven, CT  06511
203/787-1183

**CERTIFICATION**:

This is to certify that a copy of the foregoing was filed electronically on the February 10, 2020.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____

CLENDENEN & SHEA, LLC