UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QAZI T. AZAM | : | CIVIL ACTION NO. |
| | : | 3:18-CV-01260-AWT |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| Defendant. | : | FEBRUARY 10, 2020 |

## DEFENDANT'S LOCAL RULE 56(a)(1) STATEMENT

The defendant Yale University ("University") hereby submits its Local Rule 56(a)(1) statement of undisputed facts in support of its Motion for Summary Judgment.

1. The plaintiff, Qazi Azam, was first employed by Yale University in December 2001. Deposition Transcript of Qazi Azam dated October 16, 2019 ("Pl. Dep. I"), Affidavit of Kevin C. Shea, Exhibit A, at 26.

2. The plaintiff has been employed as an undergraduate registrar in the Economics department since 2005. *Id.*, at 31.

3. The plaintiff alleges that the University did not promote him to the positions of Senior Administrative Assistant 2, Assistant University Registrar, and Senior Administrative Assistant for the Morse College Dean's Office, for which he was qualified and to which he applied, because of either discrimination against him because of his age or because of his ethnicity, nationality, race, and religion. Deposition Transcript of Qazi Azam dated December 10, 2019 ("Pl. Dep. II"), Affidavit of Kevin Shea, Exhibit B, at 83, 91, 101-2, 111; Doc. 1, ¶¶ 19-24.

4. Shonna Marshall, Associate University Registrar, was the hiring supervisor for the position of Senior Administrative Assistant 2 – FAS Registrar, Requisition Number 37619BR. Affidavit of Shonna Marshall, ¶¶ 3-4.

5. The plaintiff applied for the position of Senior Administrative Assistant 2 – FAS Registrar, Requisition Number 37619BR on June 9, 2016. *Id.*, ¶ 8.

6. The Senior Administrative Assistant 2 position preferred familiarity with Banner and other student information systems. *Id.*, Exhibit A, at 2; Pl. Dep. II, Affidavit of Kevin Shea, Exhibit B, at 115.

7. The plaintiff's application materials for the Senior Administrative Assistant 2 position did not indicate any familiarity with Banner. Affidavit of Shonna Marshall, Exhibit C, at 1-3.

8. The Senior Administrative Assistant 2 position required a proven ability to work well with all levels of faculty and staff with professionalism and courtesy. Affidavit of Shonna Marshall, Exhibit A, at 2; Pl. Dep. II, Affidavit of Kevin Shea, Exhibit B, at 115.

9. The plaintiff's materials for the Senior Administrative Assistant 2 position did not indicate any staff supervisory experience at the University. Affidavit of Shonna Marshall, Exhibit C, at 1-3.

10. After reviewing the applications for the position of Senior Administrative Assistant 2 – FAS Registrar, Requisition Number 37619BR, including that of the plaintiff, Ms. Marshall concluded that the plaintiff had not demonstrated evidence of having proficiency in Banner or other integrated

student information systems, and a proven ability to work well with all levels of faculty and staff. Affidavit of Shonna Marshall, ¶ 9.

11. After reviewing the applications for the position of Senior Administrative Assistant 2 – FAS Registrar, Requisition Number 37619BR, including that of the plaintiff, Ms. Marshall conducted candidate interviews. Affidavit of Shonna Marshall, ¶ 10.

12. Because the plaintiff had not demonstrated evidence of having proficiency in Banner or other integrated student information systems, and a proven ability to work well with all levels of faculty and staff, Ms. Marshall did not conduct a candidate interview of the plaintiff. Affidavit of Shonna Marshall, ¶ 11.

13. After completing her review of the applications for the position of Senior Administrative Assistant 2 – FAS Registrar, Requisition Number 37619BR, including that of the plaintiff, Ms. Marshall concluded that a candidate other than the plaintiff most closely met the skills and qualifications of the position of Senior Administrative Assistant 2 – FAS Registrar, Requisition Number 37619BR. Affidavit of Shonna Marshall, ¶ 12.

14. Ms. Marshall offered the position to a candidate other than the plaintiff, and that candidate accepted the offer. Affidavit of Shonna Marshall, ¶ 12.

15. On July 14, 2016, Ms. Marshall sent a letter to the plaintiff stating that she had completed her review and had offered the position to another candidate who most closely met the skills and qualifications of the position of

Senior Administrative Assistant 2 – FAS Registrar, Requisition Number 37619BR, including working knowledge of Banner and other integrated student information systems, and a proven ability to work well with all levels of faculty and staff.  Affidavit of Shonna Marshall, ¶ 13; Exhibit D to Affidavit of Shonna Marshall, at 1.

16. Ms. Marshall based her judgment concerning the employment of the candidates for the position of Senior Administrative Assistant 2 – FAS Registrar, Requisition Number 37619BR, upon their qualifications and abilities only.  Affidavit of Shonna Marshall, ¶ 20.

17. The plaintiff was not the most qualified applicant for the position of Senior Administrative Assistant 2 – FAS Registrar, Requisition Number 37619BR. Affidavit of Shonna Marshall, ¶ 21.

18. The plaintiff can identify no facts to support his allegation that the candidate hired for the Senior Administrative Assistant 2 position was less qualified than the plaintiff was for that position.  Pl. Dep. II, Affidavit of Kevin Shea, Exhibit B, at 96.

19. The plaintiff cannot identify any candidates that applied, were interviewed for, or selected for the Senior Administrative Assistant 2 position. Pl. Dep. II, Affidavit of Kevin Shea, Exhibit B, at 95.

20. Ms. Marshall was also the hiring supervisor for the position of Assistant University Registrar, Student and Faculty Administrative Services – FAS Registrar, Requisition Number 38875BR. Affidavit of Shonna Marshall, ¶¶ 3-4.

21. The plaintiff applied for the position of Assistant University Registrar, Student and Faculty Administrative Services – FAS Registrar, Requisition Number 38875BR on October 17, 2016. *Id.*, ¶ 14.

22. The Assistant University Registrar position required four years of central registrar experience or equivalent administration experience. *Id.*, Exhibit B, at 2.

23. The Assistant University Registrar position required a proven ability to work well with all levels of faculty and staff with professionalism and courtesy. *Id.*, Exhibit B, at 2.

24. The Assistant University Registrar position preferred familiarity with Banner and other student information systems. *Id.*, Exhibit B, at 2; Pl. Dep. II, Affidavit of Kevin Shea, Exhibit B, at 117.

25. The plaintiff never worked in a central registrar's office. Pl. Dep. II, Affidavit of Kevin Shea, Exhibit B, at 106.

26. Although the plaintiff's application materials for the Assistant University Registrar position indicated a familiarity with Banner, the plaintiff's applications for the Senior Administrative Assistant 2 position submitted did not indicate any familiarity with Banner. Affidavit of Shonna Marshall, Exhibit C, at 1-3 and Exhibit E, at 1-3.

27. The plaintiff's application materials for the Assistant University Registrar position did not indicate any staff supervisory experience at the University. *Id.*, Exhibit E, at 1-3.

28. After reviewing the applications for the position of Assistant University Registrar, Student and Faculty Administrative Services – FAS Registrar, Requisition Number 38875BR, including that of the plaintiff, Ms. Marshall concluded that the plaintiff had not demonstrated evidence of having proficiency in Banner or other integrated student information systems, and a proven ability to work well with all levels of faculty and staff. *Id.*, ¶ 15.

29. Because the plaintiff had not demonstrated evidence of having proficiency in Banner or other integrated student information systems, and a proven ability to work well with all levels of faculty and staff, Ms. Marshall did not conduct a candidate interview of the plaintiff. *Id.*, ¶ 17.

30. After completing her review of the applications for the position of Assistant University Registrar, Student and Faculty Administrative Services – FAS Registrar, Requisition Number 38875BR, Ms. Marshall concluded that another candidate most closely met the skills and qualifications of the position of Assistant University Registrar, Student and Faculty Administrative Services – FAS Registrar, Requisition Number 38875BR. *Id.*, ¶ 18.

31. Ms. Marshall offered the position to a candidate other than the plaintiff, and that candidate accepted the offer. *Id.*, ¶ 18.

32. On November 28, 2016, Ms. Marshall sent an email to the plaintiff stating that she had completed her review and had offered the position to another candidate who most closely met the skills and qualifications of the position of Assistant University Registrar, Student and Faculty Administrative Services – FAS Registrar, Requisition Number 38875BR, including experience

in a central registrar's office, working knowledge of Banner and other integrated student information systems, and a proven ability to work well with all levels of faculty and staff. *Id.* at ¶ 19 and Exhibit F, at 1.

33. Ms. Marshall based her judgment concerning the employment of the candidates for the position of Assistant University Registrar, Student and Faculty Administrative Services – FAS Registrar, Requisition Number 38875BR upon their qualifications and abilities only. *Id.*, ¶ 20.

34. The plaintiff was not the most qualified applicant for the position of Assistant University Registrar, Student and Faculty Administrative Services – FAS Registrar, Requisition Number 38875BR. *Id.*, ¶ 21.

35. The plaintiff can identify no facts to support his allegation that the candidate hired for the Assistant University Registrar position was less qualified than the plaintiff was for that position. Pl. Dep. II, Affidavit of Kevin Shea, Exhibit B, at 108-109.

36. The plaintiff cannot identify any candidates that applied, were interviewed for, or selected for the Assistant University Registrar position. Pl. Dep. II, Affidavit of Kevin Shea, Exhibit B, at 103.

37. As the Dean of Morse College, Joel Silverman was the hiring supervisor for the position of Senior Administrative Assistant for Morse College Dean's Office, Requisition Number 40580BR. Affidavit of Joel Silverman, ¶ 4.

38. The plaintiff applied for the position of Senior Administrative Assistant for Morse College Dean's Office, Requisition Number 40580BR on November 7, 2016. Affidavit of Alexa Martindale, ¶ 6.

39. The Senior Administrative Assistant for Morse College Dean's Office position required excellent written and oral communication skills. *Id.*, Exhibit A, at 2.

40. The Senior Administrative Assistant for Morse College Dean's Office position preferred familiarity with Yale College academic and undergraduate regulations. *Id.*

41. The Senior Administrative Assistant for Morse College Dean's Office position essential duties included maintaining confidential academic files. *Id.* at 1.

42. Dean Silverman and Alexa Martindale, the Morse College Operations Manager, reviewed a copy of the applications for the Senior Administrative Assistant for Morse College Dean's Office position, including that of the plaintiff. Affidavit of Alexa Martindale, ¶ 4; Affidavit of Joel Silverman ¶¶ 5-6.

43. Based on his review of the application materials for the Senior Administrative Assistant for Morse College Dean's Office position Dean Silverman determined which candidates were qualified to interview. The plaintiff did not demonstrate evidence of having proficiency in attention to detail, confidentiality, and with Yale College academic and undergraduate regulations and therefore was not among the candidates who Dean Silverman determined were qualified to interview, and Ms. Martindale agreed with his determination. Affidavit of Alexa Martindale, ¶ 7; Affidavit of Joel Silverman ¶ 8.

44. Dean Silverman reviewed a copy of the plaintiff's application for the position of Senior Administrative Assistant for Morse College Dean's Office, Requisition Number 40580BR, and annotated that application. Affidavit of Joel Silverman, ¶ 7. These annotations included, among others, "wanting attention to detail," "confidentiality?," and "stilted writing." Affidavit of Joel Silverman, Exhibit A, at 1-3. The annotations further noted numerous typographical and grammatical errors. *Id.*

45. After reviewing the applications for the position of Senior Administrative Assistant for Morse College Dean's Office, Requisition Number 40580BR, including that of the plaintiff, Dean Silverman and Ms. Martindale conducted candidate interviews. Affidavit of Alexa Martindale, ¶ 8; Affidavit of Joel Silverman, ¶ 9.

46. After interviewing the qualified applicants for the position of Senior Administrative Assistant for Morse College Dean's Office, Requisition Number 40580BR, Dean Silverman made the final determination that a candidate other than the plaintiff most closely met the skills and qualifications of the position of Senior Administrative Assistant for Morse College Dean's Office, Requisition Number 40580BR, and Ms. Martindale agreed with that determination. Affidavit of Joel Silverman, ¶ 10; Affidavit of Alexa Martindale, ¶ 9.

47. Dean Silverman accordingly offered the position to a candidate other than the plaintiff. Affidavit of Joel Silverman, ¶ 10; Affidavit of Alexa Martindale, ¶ 10.

48. On December 7, 2016, Dean Silverman sent a letter to the plaintiff stating that he had completed his review and had offered the position to another candidate who most closely met the skills and qualifications of the position of Senior Administrative Assistant for Morse College Dean's Office, Requisition Number 40580BR, including familiarity with Yale College academic and undergraduate regulations. Affidavit of Joel Silverman, ¶ 11; Affidavit of Joel Silverman, Exhibit B, at 1.

49. Dean Silverman and Ms. Martindale based their judgment concerning the employment of the candidates for the position of Senior Administrative Assistant for Morse College Dean's Office, Requisition Number 40580BR upon their qualifications and abilities only. Affidavit of Joel Silverman, ¶ 12; Affidavit of Alexa Martindale, ¶ 11.

50. The plaintiff was not the most qualified applicant for the position of Senior Administrative Assistant for Morse College Dean's Office, Requisition Number 40580BR. Affidavit of Joel Silverman, ¶ 13; Affidavit of Alexa Martindale, ¶ 12.

51. The plaintiff cannot identify any candidates that applied, were interviewed for, or selected for the Senior Administrative Assistant, Morse College Dean's Office position. PL. Dep. II, Affidavit of Kevin Shea, Exhibit B, at 111.

52. The plaintiff can identify no facts to support his allegation that the candidate hired for the Senior Administrative Assistant, Morse College Dean's Office position was less qualified than the plaintiff was for that position. *Id.*,

Exhibit B, at 113.

53. The plaintiff alleges that he was discriminated against because of his Pakistani national origin, Asian race, Muslim religion, and age. Pl. Dep. I, Affidavit of Kevin Shea, Exhibit A, at 47.

54. Aside from hiring someone other than the plaintiff, there were no comments or actions by anyone at the University in connection with any hiring decision in this case that the plaintiff claimed were discriminatory based on his Pakistani national origin, Asian race, or Muslim religion. Pl. Dep. I, Affidavit of Kevin Shea, Exhibit A, at 58-9.

55. The plaintiff claims that he was discriminated against because he was not hired for the positions to which he applied despite his three master's degrees and experience. Pl. Dep. I, Affidavit of Kevin Shea, Exhibit A, at 58-9.

56. The plaintiff identified three comments made prior to the events alleged in the complaint that he claimed indicated that race, national origin or religion was a motivating factor for the University's actions with respect to him. Affidavit of Kevin Shea, Exhibit C, at 29-30; Pl. Dep. I, Affidavit of Kevin Shea, Exhibit A, 41-43.

57. One comment was purportedly made by an unidentified individual on or about 2001; one comment was purportedly made by Pamela O'Donnell between approximately 2006 and 2008; and one comment was purportedly made by Peter Rondino on or about 2015. *See* Pl. Dep. I, Affidavit of Kevin Shea, Exhibit A, at 41-43; Affidavit of Kevin Shea, Exhibit C, at 29-30.

58. Subsequent to the three job applications that are the subject of the plaintiff's Complaint, the plaintiff applied for the position of Senior Administrative Assistant 2, Requisition Number 40696BR on December 5, 2016. Affidavit of Kevin Shea, Exhibit C, at 31-2.

59. The plaintiff was interviewed for the position of Senior Administrative Assistant 2, Requisition Number 40696BR by, among others, Daria Vander Veer. Pl. Dep. I, Affidavit of Kevin Shea, Exhibit A, at 50.

60. The plaintiff identified only one comment that he claimed indicated that age was a factor for the University's actions with respect to him: a comment allegedly made by Daria Vander Veer in the interview for the Senior Administrative Assistant 2, Requisition Number 40696BR, a position that is not the subject of the his Complaint. Affidavit of Kevin Shea, Exhibit C, at 31-2.

61. Aside from hiring someone other than the plaintiff and Ms. Vander Veer's remark, the plaintiff can identify no other comments or actions by anyone at the University that the plaintiff claimed were discriminatory based on his age. Affidavit of Kevin Shea, Exhibit A, at 57-8.

                                THE DEFENDANT

                                BY: _____
                                KEVIN C. SHEA (ct13781
                                Clendenen & Shea, LLC
                                400 Orange Street
                                New Haven, CT 06511
                                203/787-1183

**CERTIFICATION**:

This is to certify that a copy of the foregoing was filed electronically on the February 10, 2020. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
CLENDENEN & SHEA, LLC