## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QAZI T. AZAM | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:18-CV-01260-AWT |
| v. | : | |
| YALE UNIVERSITY | : | |
| Defendant. | : | MARCH 19, 2020 |

## <u>REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT</u>

Relying on stray comments by non-decisionmakers in connection with positions not at issue in this case, as well as other inadmissible evidence[1], the plaintiff has demonstrated with his Opposition to Motion for Summary Judgment (Doc. 65, "Opposition") why judgment must enter for defendant Yale University ("University") on his three remaining discriminatory failure to hire/promote claims that are still at issue here. The University hereby replies briefly.

## I. ARGUMENT

### A. The plaintiff's Opposition is not supported by admissible evidence.

As an initial matter, the plaintiff's Local Rule 56(a)(2) Statement of Facts in Opposition to Summary Judgment fails to properly state whether each of the facts in the District's Local Rule 56(a)(1) statement is admitted or denied, with citations to the record for each denial, as required by Local Rule 56(a)(3). *See* Doc. 65-1. Specifically, the plaintiff either (i) failed to provide a citation for a denial[2]; (ii) provided a citation that does not support his denial or partial admission[3]; or (iii) improperly qualified, denied or partially admitted facts where he only

---

[1] Predictably, the plaintiff also continues to rely most heavily on his own perception of his superior academic credentials. Opposition at 4, 14, 17, 18, 27, 35. The University already addressed this misplaced reliance in its moving papers. Doc. 56 at 21.

[2] *See, e.g. Martin v. Town of Westport*, 558 F. Supp. 2d 228 (D. Conn. 2008) (*Squatrito*, J.) (deeming admitted statements denied by plaintiff with "no citation whatsoever" pursuant to Local Rule 56(a)(3)). Accordingly, ¶¶ 16, 26, 29, 34, 49, 56 and 57 of the University's statement of facts, which the defendant denied wholly absent citation, should be deemed admitted.

[3] *See, e.g. Eiden v. McCarthy*, 531 F. Supp. 2d 333 (D. Conn. 2008) (*Squatrito*, J.) (deeming admitted defendant's

**ORAL ARGUMENT REQUESTED**

disputed the form or content of the cited evidence.[4]  Accordingly, these facts should be deemed admitted in accordance with Local Rule 56(a)(1), (3).

The plaintiff's Local Rule 56(a)(2) Statement of Facts in Opposition to Summary Judgment further fails to cite specifically with each denial the affidavit of a witness competent to testify as to the facts at trial, or to other evidence that would be admissible at trial, as required by Local Rule 56(a)(3).  Instead, his denials cite repeatedly to his own affidavit and deposition testimony that he "was told"—by no one in a position to bind the University—that the University hired a less qualified and younger candidate for each of the three positions at issue.  Doc. 65-1, ¶¶ 35, 36, 50, 51, 52, 59, 60.  The plaintiff therefore "offers no admissible evidence to support these claims.  A review of his deposition transcript reveals that plaintiff obtained [his] knowledge from hearsay sources.  At [his] deposition, plaintiff conceded that [he] had no personal knowledge regarding any details as to these purported comparators." *Brown v. Connecticut*, 2018 WL 1582513, at *5 (D. Conn. Mar. 30, 2018) (Martinez, J.); *see also* F.R.E.

---

statements where plaintiff's citations did not support the corresponding denials). Accordingly, the following of the plaintiff's denials should be deemed admitted: ¶¶ 9, 27 (plaintiff's application materials did not indicate any staff supervisory experience at the University); ¶¶ 35, 52 (hearsay statements did not relate to plaintiff's relative qualifications).

[4] *See, e.g. Zamichiei v. CSAA Fire & Cas. Ins. Co.*, 2018 WL 950116, at *1 (D. Conn. Feb. 20, 2018) (*Bolden*, J.) (deeming admitted all qualified admissions); *see also Eiden, supra*, at 338 (plaintiff cannot deny statement "simply because [she] disagrees with the content" of the cited document).

Thus, the following of the plaintiff's denials are inappropriate, and the University's statements of fact should be deemed admitted: ¶¶ 19, 36, 51 (the plaintiff did testify that he could not identify any candidates that were applied, interviewed for, or selected for the Senior Administrative Assistant 2, Assistant University Registrar and Senior Administrative Assistant, Morse College Dean's Office positions); ¶ 25 (the plaintiff did testify he never worked in a central registrar's office); ¶ 26 (the plaintiff's Senior Administrative Assistant 2 application did not indicate familiarity with Banner); ¶ 39 (the Senior Administrative Assistant, Morse College Dean's Office position did require excellent written and oral communication skills); ¶ 40 (the Senior Administrative Assistant, Morse College Dean's Office position did prefer familiarity with Yale College academic and undergraduate regulations); ¶ 41 (the Senior Administrative Assistant, Morse College Dean's Office position did include maintaining confidential academic files); ¶ 56 (the plaintiff did testify that three comments were made prior to 2016 and therefore prior to the events alleged in the Complaint).

802.[5] "This does not suffice.  It is well established that the district court in awarding summary judgment, may rely only on admissible evidence." *Brown*, *supra* at *5 (internal quotation marks and citation omitted); *see also* F.R.C.P. 56(c)(4) (affidavit must set out admissible facts).

The plaintiff failed to comply with Local Rule 56(a)(2) or to otherwise present admissible, material evidence.  The University has demonstrated that it is entitled to judgment as a matter of law.  L.R. 56(a)(3).

## B. The plaintiff was not qualified for the positions to which he applied.

The plaintiff admits that he was not hired for the three positions at issue, and that the University informed him that the jobs were offered to candidates who more closely met the qualifications for each position; but he argues that he has nevertheless satisfied his burden of establishing that he was qualified for each position for which he applied.  Doc. 65-1, ¶¶ 15, 52, 48; Doc. 65 at 10-18.  The plaintiff has failed, however, to establish that there is a genuine dispute of any material fact concerning his lack of qualifications for the subject positions.  Accordingly, he has failed to state a prima facie case of discriminatory failure to promote and summary judgment should enter for the University.  *See Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir. 1998).

## 1. The plaintiff did not demonstrate sufficient familiarity with Banner.

The plaintiff admits that Senior Administrative Assistant 2 and Assistant University Registrar positions preferred familiarity with Banner or other integrated information systems.  Doc. 65-1, ¶¶ 6, 24.  He further admits that his first application at issue here, for the Senior Administrative Assistant 2 position, did not indicate any familiarity with Banner.  Doc. 65-1, ¶ 7.  In the first instance, this disposes of the plaintiff's claim that he was a qualified applicant for the Senior Administrative Assistant 2 position.  *See* Doc. 65 at 10-11.

---

[5] The plaintiff noted the hearsay basis of his knowledge in his deposition.  Doc. 60-2 at 95.

Further, although the plaintiff's application materials for the second position at issue, the Assistant University Registrar, indicated a familiarity with Banner, his previously submitted application for the Senior Administrative Assistant 2 position did not, and the hiring manager was the same for both positions.  Doc. 57, ¶ 26.  The plaintiff insists that the hiring manager, Shonna Marshall, should have resolved this inconsistency by contacting his supervisor, Dorothy Ovelar.  Doc. 65 at 11, but he fails to adduce *any* evidence that Ms. Marshall was required to contact his supervisor to resolve a discrepancy in his stated qualifications in his various application materials, or that Ms. Marshall was even aware[6] that Ms. Ovelar was his supervisor. *See Bud D. v. Perdue*, EEOC DOC 0120171035, 2018 WL 6118996, at *2 (E.E.O.C. Oct. 17, 2018) (affirming dismissal of ADEA claim alleging failure to call references).

The plaintiff has failed to establish a genuine issue of material fact to demonstrate that he was qualified for these positions, and he has therefore failed to establish a prima facie case of failure to hire/promote with respect to the Senior Administrative Assistant 2 and Assistant University Registrar positions.  Summary judgment should enter for the University on his claims concerning those positions.

**2. The plaintiff had no relevant staff supervisory experience.**

The plaintiff admits that the Senior Administrative Assistant 2 position required a proven ability to work well with all levels of faculty and staff, and that the Assistant University Registrar position required a demonstrated ability to work effectively and foster collaboration among a wide range of individuals and constituencies in a large, complex academic environment. Doc. 65-1, ¶¶ 8, 23.  Both positions included monitoring staff work or performance.  Doc. 61 at 11, 14.  Although the plaintiff denied that his application materials for both positions failed to

---

[6] Similarly, there is no evidence that Ms. Marshall or any of the hiring managers for the positions at issue in this case received the recommendations or references submitted with the plaintiff's Opposition as part of the plaintiff's applications.  *See* Docs. 59-2, 61-3, 61-5.

indicate staff supervisory experience at the University, that denial is belied by the record. *See* Doc. 65-1, ¶¶ 9, 27; Doc. 65 at 14-15. *First*, the plaintiff's application materials referred to supervision of research and administrative staff in his first listed roles as a research director and principal investigator at the Pakistan Agricultural Research Council in Islamabad and the Agricultural Economics Research Unit in Sindh, respectively.  Doc. 61 at 20, 26.  Neither of these demonstrated the requisite staff supervisory experience at the University or a comparable academic setting.

*Second*, as to the principal investigator position, the plaintiff's claim to staff supervisory experience at the University is further contradicted by his testimony.  The plaintiff testified in his deposition that he spent the years 1997 through 2000 in New Haven seeking employment, while his application materials stated that he served as a principal investigator in Sindh, Pakistan. Deposition Transcript of Qazi Azam dated October 16, 2019 ("Pl. Dep. I"), Affidavit of Kevin C. Shea, Exhibit A, at 25; Doc. 61 at 20, 26.

*Third*, the plaintiff testified that his current position as a Departmental Registrar, which he has held for 15 years, is classified as "Clerical and Technical."  Doc. 60-2 at 8.  He further testified that the difference between a Departmental Registrar, which is a Clerical and Technical position, and a University Registrar, which is a "Managerial and Professional" position, is staff supervision.  *Id.*  Simply put, he had no demonstrated staff supervisory experience at the University.  He has failed to establish a prima facie case with respect to the Senior Administrative Assistant 2 and Assistant University Registrar positions, and summary judgment should enter for the University on his claims concerning those positions as well.

**3. The plaintiff had no Central Registrar experience.**

The plaintiff admits that the Assistant University Registrar position required a bachelor's

degree and four years of experience as Central Registrar or in a comparable area of academic administration, or an equivalent combination of education and relevant experience. Doc. 65-1, ¶ 22. The plaintiff further admits that he did not have *any* Central Registrar experience. Doc. 65-1, ¶ 25. As the plaintiff admits, the duties of a Central Registrar entail a higher degree of responsibility than do the duties of a Departmental Registrar like the plaintiff. Doc. 60-2 at 8. The plaintiff had no Central Registrar or equivalent experience. He has failed to establish a prima facie case with respect to the Assistant University Registrar position, and summary judgment should enter for the University on his claim concerning that position also.

**4. The plaintiff did not demonstrate excellent written communication skills.**

The plaintiff admits that the Senior Administrative Assistant, Morse College Dean's Office position required excellent written communication skills. Doc. 65-1 at ¶ 39. He further concedes that his application materials included typographical errors.[7] Doc. 65 at 16; *see also* Doc. 58-1 at 1-2. The plaintiff did not demonstrate excellent written communication skills. He has failed to establish a prima facie case of failure to promote with respect to the Senior Administrative Assistant, Morse College Dean's Office position, and summary judgment should enter for the University on his claim concerning that position for this reason as well.

**C. The plaintiff failed to establish an inference of discriminatory failure to promote.**

As set forth in the moving papers and § I(A), *supra*, the plaintiff could not identify any

---

[7] In an attempt to defend the errors in his job application, the plaintiff argues that his supervisor, Ms. Ovelar, made errors in her work. Doc. 65 at 16, 36. Ms. Ovelar had no input or knowledge about the plaintiff's applications at issue and played no part in the hiring decisions. Doc. 49 at 2. She acknowledged two typographical errors in internal emails, and further testified that she gives greater scrutiny to external communications. Doc. 65-18 at 2-4.

The plaintiff further attempts to defend the errors in his job application by repeatedly arguing that Dean Silverman and Alexa Martindale "misstated" the position title of the job for which Dean Silverman was hiring manager in their affidavits in support of summary judgment. Doc. 65 at 16, 36. That position was Requisition Number: 40580BR, Supervisory Organization: Morse College Dean's Office, University Job Title: Sr Administrative Assistant 2, Residential College. Doc. 59 at 8. The Position Focus was to "assist the dean." *Id.* Dean Silverman and Ms. Martindale referred throughout their affidavits to the position as "Senior Administrative Assistant, Morse College Dean's Office." *See* Docs. 58, 59. This strained comparison does not support, much less favor, the plaintiff's claims in any respect. To the contrary, it underscores their critical failings.

other applicants for the positions at issue. Doc. 56 at 16, Doc. 57, ¶¶ 19, 36, 51. He has adduced

no competent evidence regarding the identity of any other applicants, when they applied, if they

were interviewed, and who among them was selected for the position. *See McKinney v. Dep't of*

*Transportation*, 168 F. Supp. 3d 416, 425 (D. Conn. 2016) (Thompson, J.) (hearsay evidence

insufficient to establish comparators); *see also Percoco v. Lowe's Home Centers, LLC*, 208 F.

Supp. 3d 437, 446–47 (D. Conn. 2016) (Bryant, J.) ("Plaintiff cannot defeat summary judgment

by relying on [his] failure to confirm unsubstantiated hunches during discovery."). He has

accordingly failed to establish that the positions remained open and that the University continued

to seek applicants having the plaintiff's qualifications. Summary judgment should enter for the

University for this additional reason. *See Brown*, *supra* at 709.

Summary judgment should additionally enter because the plaintiff failed otherwise to

establish he was rejected under circumstances giving rise to an inference of discrimination. *Id.*

The plaintiff argues that remarks made by Yale employees support an inference of

discrimination. Doc. 65 at 19-24; 29-31. However, the employees who made the remarks were

not involved in the hiring process, and the remarks were either made before or after the events

alleged in the complaint. Doc. 57, ¶¶ 56-61; *see Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134,

149–50 (2d Cir. 2010). These remarks cannot support an inference of discrimination.

**1. Ms. Ovelar was not involved in the hiring process.**

In support of his claims of ethnic/religious discrimination, the plaintiff argues that his

supervisor, Ms. Ovelar, treated him in a discriminatory fashion. Doc. 65 at 19. Ms. Ovelar had

no input or knowledge about the plaintiff's applications at issue and played no part in the hiring

decisions. Doc. 49 at 2. Indeed, this Court has already determined as much in denying the

plaintiff's request to continue her deposition. Docs. 47, 50.

The plaintiff argues that Ms. Ovelar failed to discipline sufficiently an employee who called him a "terrorist." Doc. 65 at 19. Ms. Ovelar testified that she reprimanded the employee, and took no further action because the plaintiff did not want to file a complaint. Deposition Transcript of Dorothy Ovelar, Affidavit of Kevin C. Shea, Exhibit B, at 99-100. The plaintiff argues that Ms. Ovelar improperly disciplined him when another employee reported that the plaintiff had threatened to "go postal," despite the plaintiff's denial. Doc. 65 at 22. This suspension took place in 2017, after the University filled the three positions at issue in this case. *See* Doc. 65-1 at ¶ 48. In further support of his argument, the plaintiff claims that Ken Suzuki, a union official, stated that the plaintiff was suspended "because they fear you blow up." Doc. 65 at 23. This statement is less than competent evidence; it is hearsay-within-hearsay. F.R.E. 805.

Ms. Ovelar was not involved in the hiring process for any of the three positions at issue. Doc. 49 at 2. None of the remarks was made in relation to the hiring decisions at issue. None of the remarks was related to the decision-making process. Accordingly, they do not support an inference of discrimination. *Henry*, *supra* at 150. The plaintiff has failed to establish a prima facie case of failure to promote with respect to his race, national origin and religion, and summary judgment should enter for the University thereon.

**2. Ms. Vander Veer was not involved in the hiring process.**

In a desperate attempt to support his claimed inference of age discrimination, the plaintiff argues that Daria Vander Veer, an interviewer for a position that is not at issue in this case, treated him in a discriminatory fashion. Ms. Vander Veer was a panel interviewer for the position of Senior Administrative Assistant 2, Requisition Number 40696BR, a position that is not at issue here. Doc. 65 at 29. Ms. Vander Veer had no involvement in any of the hiring decisions at issue here, and the plaintiff confirmed this fact. *See* November 15, 2019 Transcript

8

("Hearing Tr.") Affidavit of Kevin C. Shea, Exhibit C, at 4-5; *see also* Doc. 63.

Specifically, the plaintiff attempted to amend his Complaint to add new discriminatory failure to promote claims, including for the Senior Administrative Assistant 2, Requisition Number 40696BR position. Doc. 31, ¶ 27a. Although the plaintiff later withdrew that amendment, he provided discovery responses that identified Senior Administrative Assistant 2, Requisition Number 40696BR. At a hearing concerning the pending motions and those responses, counsel for the University expressed specific concern that the responses were being used as in improper, back door attempt to re-insert this and other defunct claims, despite the fact that the proposed amendment had been withdrawn. Hearing Transcript at 4-5; Doc. 63. After withdrawing his amendment, plaintiff's counsel confirmed to the Court "that the three individual jobs identified in the complaint are the only three adverse employment actions alleged in the complaint and being pursued in this case." *Id.* at 15-6. Ms. Vander Veer was not involved in the hiring process for any of the three positions at issue. She made no remark in relation to the hiring decisions at issue or any remark related to the decision-making process. Accordingly, this remark does not support an inference of discrimination. *Henry*, *supra* at 150. The plaintiff has failed to establish a prima facie case of failure to promote with respect to his age, and summary judgment should enter for the University here also.

**D. The plaintiff failed to establish pretext.**

In any event, the plaintiff cannot show that the University's legitimate, nondiscriminatory reason for hiring another candidate—i.e., that the candidate was more qualified—to be pretext, as he must to survive summary judgment. *McDonnell Douglas vs. Green*, 411 U.S. 792, 806 (1973).

The plaintiff argues that the University's legitimate, nondiscriminatory reason is

pretextual because his qualifications are "unmatched" for all the positions at issue in this case. Doc. 65 at 17.  He disputes whether he was qualified in Banner, although his applications indicated inconsistently his familiarity with Banner.  *Id.* at 11.  He disputes whether he had proven that he worked well with all levels of faculty and staff or demonstrated an ability to work effectively across large constituencies, although he has never done so.  *Id.* at 12-3.  He disputes whether his experience is equivalent to four years of Central Registrar experience, although he concedes to the material differences.  *Id.* at 13.  He disputes whether his typographical errors affect his written communication skills, although he concedes he made those errors.  *Id.* at 15-6.

The plaintiff has not supported his claims with competent evidence.  Even if he had, however, a court is not a "super-personnel department" and should not second guess an employer's legitimate hiring decisions.  *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 106 (2d Cir. 2001).  To establish pretext based on an employer's alleged misjudgment of his qualifications, a plaintiff must show that his credentials were "so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question."  *Id.* at 103 (internal quotation marks and citation omitted).  Here, the plaintiff has adduced no evidence regarding the identity, much less the credentials of the candidates selected over him for the jobs in question.  The plaintiff has failed to show pretext and summary judgment should therefore enter for the University on this basis as well.

Accordingly, the motion for summary judgment should be granted.

THE DEFENDANT
YALE UNIVERSITY

BY: _____

KEVIN C. SHEA (ct13781)
Clendenen & Shea, LLC
400 Orange Street
New Haven, CT 06511
203/787-1183

**CERTIFICATION**:

This is to certify that a copy of the foregoing was filed electronically on the March 19, 2020.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____

CLENDENEN & SHEA, LLC